IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHYLLIS F. BYERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-630-C |
| ) | |
| JACOB J. LEW, SECRETARY, U.S. ) | |
| DEPARTMENT OF THE TREASURY ) | |
| (INTERNAL REVENUE SERVICE), ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an employee of Defendant, alleges she has been subject to improper employment actions. Plaintiff's explanation of the wrongdoing is as follows: She filed an EEOC complaint raising a number of claims. While this charge was pending, Plaintiff filed a second EEOC complaint alleging discrimination based on disability, age, hostile work environment, and reprisal. The Administrative Law Judge ("ALJ") determined that the second EEOC complaint set forth the same claims as the first, and therefore dismissed the second EEOC complaint. Plaintiff appealed that decision and the EEOC Office of Federal Operations affirmed the dismissal. Plaintiff then brought this action, raising claims under the Fifth and Fourteenth Amendments to the United States Constitution, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Defendant filed a Motion to Dismiss challenging certain portions of Plaintiff's claim.

First, as to the due process claim, Defendant argues that claim is barred by Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6). According to Defendant, Plaintiff has failed to demonstrate a waiver of sovereign immunity which would permit her to bring her due process claim against Defendant. Therefore, Defendant argues, the Court lacks subject matter jurisdiction in the case, and that portion of the case should be dismissed. Alternatively, Defendant argues that Plaintiff's due process claim fails because any decisions of the EEOC are non-binding and subject to de novo review. Consequently, Plaintiff cannot establish that she has failed to receive an appropriate level of process on this claim. In response, Plaintiff argues that because the statutes governing Defendant give it the authority to sue and be sued, that statute is sufficient to waive sovereign immunity and that she has stated a claim for relief.

In order to proceed on her due process claim, Plaintiff bears the burden of establishing a waiver of sovereign immunity that would allow her to recover monetary damages for the alleged constitutional violation. As Defendant notes, Plaintiff has failed to meet this burden. In essence, what Plaintiff seeks to pursue is a claim pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> permitted an individual injured by a federal agent to raise a violation of the Fourth Amendment and seek monetary damages against the agent. However, since that case, the Supreme Court has noted the narrow scope of <u>Bivens</u> claims. Decisive here is the fact that, rather than naming the individual employee, Plaintiff has brought her action against the

agency. As Bivens made clear, a direct action against a governmental agency is not available under that theory. Bivens, 403 U.S. at 410, Harlan, J. concurring in the judgment. See also FDIC v. Meyer, 510 U.S. 471, 485 (1994). Accordingly, Plaintiff has failed to meet her burden of demonstrating a waiver of Defendant's sovereign immunity which would entitle her to pursue her due process claim. Therefore, that claim will be dismissed without prejudice.

Defendant next challenges Plaintiff's ADEA claim, arguing that she has failed to plead facts to establish a plausible disparate treatment claim. Paragraph 22 of Plaintiff's Complaint offers eight subparagraphs in support of her claim of age discrimination. Defendant argues that these paragraphs are conclusory and fail to provide sufficient factual support to state a claim for relief. After review, the Court finds that Plaintiff's paragraphs are sufficient to raise a right to relief that is above the speculative level and the allegations state a claim of violation of the ADEA that is plausible on its face. Whether ultimately Plaintiff's ADEA claim comes as a hostile work environment or a disparate treatment claim need not be resolved at this stage. Rather, Defendant has been made aware of the acts which Plaintiff alleges violated her rights under that statute. Therefore, Defendant's Motion to Dismiss the ADEA claim for failure to state a claim will be denied.

Defendant challenges Plaintiff's claims under the Rehabilitation Act, arguing she has failed to set forth any factual basis on which a perceived disability or actual disability

3

could be determined. Defendant's argument places too high a burden on Plaintiff at this stage of the proceedings.

> A prima facie case of ADA discrimination consists of three elements: the plaintiff (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability.

Zwygart v. Board of County Comm'rs of Jefferson Cnty., Kan., 483 F.3d 1086, 1090-91 (10th Cir. 2007) (citing MacKenzie v. City & County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005)).[*] Although the factual support is sparse, Plaintiff has satisfied these elements. Accordingly, Defendant's challenge to Plaintiff's claims under the Rehabilitation Act will be denied.

Finally, Defendant challenges Plaintiff's request for compensatory damages under the ADEA. In support, Defendant notes that the United States has not waived its sovereign immunity for compensatory damages claims under the ADEA, relying on Villescas v. Abraham, 311 F.3d 1253, 1261 (10th Cir. 2002). In her Complaint Plaintiff seeks medical costs incurred and emotional distress damages. Neither of those categories of damages are permissible against a federal entity under the ADEA. Id. Rather, it is only lost wages that may be claimed as damages. Smith v. Office of Personnel Mgmt., 778 F.2d 258, 261 (5th Cir. 1985) ("We conclude that a government employee's damages are limited to lost wages

---

[*] Plaintiff proceeds under the Rehabilitation Act. The Court uses the ADA standards to evaluate Rehabilitation Act claims. See 29 U.S.C. § 794(d); McGeshick v. Principi, 357 F.3d 1146, 1150 (10th Cir. 2004).

. . . ."). Therefore, the relief requested in ¶¶ 27(d) and (e) of Plaintiff's Complaint will be stricken.

For the reasons set forth herein, Defendant's Motion to Dismiss (Dkt. No. 5) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims under the Rehabilitation Act and ADEA remain; all other claims of relief are dismissed without prejudice.

IT IS SO ORDERED this 29th day of September, 2015.

ROBIN J. CAUTHRON
United States District Judge