IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PHYLLIS F. BYERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-630-C |
| | ) | |
| JACOB J. LEW, SECRETARY, U.S. | ) | |
| DEPARTMENT OF THE TREASURY | ) | |
| (INTERNAL REVENUE SERVICE), | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff was employed as a management assistant in the Stakeholder Partnership Education and Communication Department for Defendant. Asserting that she had been treated improperly in relation to her employment, Plaintiff brought the present action asserting claims for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and/or because of a perceived disability in violation of § 501 of the Rehabilitation Act of 1973. The parties do not dispute much of the operative facts; rather, any disagreements hinge more on their various interpretation of the facts. As is appropriate at this stage, the Court will view the facts in the light most favorable to Plaintiff.

STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material

fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

In order to prevail on her ADEA claim, Plaintiff must first establish a prima facie case. To do so, she must establish that she was over 40 years of age, that she was performing satisfactory work, that she was subject to an adverse employment action, and that she was

2

treated differently from similarly situated employees who were substantially younger than her. Adamson v. Multi Cmty. Diversified Svcs., Inc., 514 F.3d 1136, 1146 (10th Cir. 2008).

In order to prevail on her claim under the Rehabilitation Act Plaintiff must show she:

> (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability. In order to demonstrate "discrimination," a plaintiff generally must show that he has suffered an adverse employment action because of the disability.

EEOC v. C. R. England, Inc., 644 F.3d 1028, 1037-38 (10th Cir. 2011)(internal citations omitted).[*]

Assuming, without deciding, that Plaintiff can satisfy the other elements of a prima facie case, her failure to offer evidence from which a reasonable jury could find adverse employment action is decisive in this case. Plaintiff sets forth eight events which she asserts are adverse actions that should provide the basis to establish her prima facie case: (1) Defendant perceived her as disabled and made a series of unsolicited requests that Plaintiff make application for formal reasonable accommodations when she neither desired nor requested accommodation; (2) made repeated requests to Plaintiff for her retirement plans; (3) wrongfully represented that Plaintiff had made errors on an operational review when the errors in fact were made be another person; (4) required her to unnecessarily duplicate work in tedious and laborious meetings with her supervisor to review line by line

---

[*] The elements for a violation of the Rehabilitation Act are the same as those for violation of the ADA. See Wilkerson v. Shenseki, 606 F.3d 1256, 1262 (10th Cir. 2010).

3

certain data entries; (5) allowed workplace threats of a co-worker to go unheeded and unaddressed; (6) denied her pre-approved annual leave to attend a funeral; (7) failed to promote her in the same manner as other employees; (8) and removed her from an alternative work schedule of working four ten-hour days and required her to return to working five eight-hour days. Plaintiff also complains that Defendant wrongfully disclosed certain health information.

As Defendant recognizes, the Tenth Circuit has been clear that the anti-discrimination laws do not "'establish a general civility code for the workplace.'" Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 957 (10th Cir. 2012) (quoting Morris v. City of Colo. Springs, 666 F.3d 654, 663-64 (10th Cir. 2012)). Rather, an adverse employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). "A mere inconvenience or an alteration of job responsibilities" is not "an adverse employment action" and "personality conflicts between employees are not the business of federal courts." Sanchez v. Denver Pub. Sch., 164 F.3d 527, 532 (10th Cir. 1998); Vore v. Ind. Bell Tel. Co., Inc., 32 F.3d 1161, 1662 (7th Cir. 1994). None of the alleged adverse employment actions offered by Plaintiff changed her employment status in the manner required by the law – it did not reduce her pay, affect her benefits, or alter her job responsibilities. While certainly from Plaintiff's perspective many of the matters may have been inconvenient or may have caused her some degree of irritation, they simply do not rise

to the level of adverse action protected by federal law. Indeed, Plaintiff fails to offer any case law or legal argument demonstrating that any court anywhere has found actions of the type referenced herein to support a cause of action.

The sole possible exception is Plaintiff's allegation that Defendant repeatedly asked her about her retirement plans. However, even when viewed in the light most favorable to Plaintiff, and viewed in context of the supporting documentation, it is clear that Defendant's requests were related more to determining budgeting and staffing matters, rather than any intent to discriminate against Plaintiff based on her age. Because the evidence presented, even when viewed in the light most favorable to Plaintiff, does not support the existence of an "adverse employment action," Plaintiff has failed to establish a prima facie case and Defendant is entitled to judgment.

Plaintiff also complains that the manner in which her internal EEOC complaints were handled violated the applicable law. Plaintiff filed an EEOC complaint raising the complaints addressed herein. While that complaint was pending, Plaintiff filed a second EEOC complaint. Plaintiff now complains because that second complaint was dismissed, arguing that act was retaliatory. However, as the Defendant has demonstrated, all of the assertions set forth in the second complaint were considered by the Administrative Law Judge ("ALJ") when addressing the first EEOC complaint; thus Plaintiff cannot raise any complaint that her concerns were not addressed. Second, Plaintiff has brought all of those allegations before this Court; thus, she cannot demonstrate any harm resulting from the dismissal even if, on some basis, it was improper.

In short, even when viewed in the light most favorable to Plaintiff, none of the allegations raised by Plaintiff in this action rise to the level of employment activity that is prohibited by federal law. Rather, at best, Plaintiff's assertions demonstrate some degree of workplace disagreement and/or frustration with the manner in which Plaintiff's supervisor's management skills were applied to her. Because Plaintiff cannot demonstrate that she suffered any adverse employment action, judgment in favor of Defendant is warranted.

For the reasons set forth herein, The Secretary's Sealed Motion for Summary Judgment (Dkt. No. 26) is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 1st day of December, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge